ALBANY,
August, 1809.

Burger
v.
Kortright.

Where the jury, in an action before a justice, gave a verdict for the defendant for 25 cents damages, and the defendant remitted the damages; and the justice entered the *remittitur*, and gave judgment generally for the defendant, it was held to be correct. How far the decision of fence viewers is conclusive, *quære.* It is enough if any dispute exists about a partition fence, to enable the fence viewers to interpose.

BURGER *against* KORTRIGHT.

ON *certiorari*, from a justice's court.

*Burger* brought an action of trespass, before a justice of the peace, against *Kortright*, for damage done by his cattle on the land of *Burger*, by reason of *Kortright's* not having made his share or part of the partition fence, between the parties, and also for the expense of making the fence, which *Kortright*, though requested, had refused to make.

The defendant pleaded *not guilty*, and gave notice that he should offer evidence of damages, sustained by cattle, in consequence of the plaintiff's not having made his proportion of the division fence. Issue was joined thereon, and the cause tried by a jury, who found a verdict for the defendant, for 25 cents, with 6 cents costs. The defendant remitted the 25 cents, and the justice entered the *remittitur*, and gave judgment generally for the defendant.

*Sudam*, for the plaintiff in error. He cited 1 *Wils.* 30. *Yelv.* 43. 2 *Str.* 1110. 1171. *Laws of N. Y.* 24 sess. c. 78. s. 14.

*Tappan*, contra, cited 2 *Caines*, 179. 2 *Johns. Rep.* 84. 181. 3 *Johns. Rep.* 433. 427.

SPENCER, J. delivered the opinion of the court. Two objections have been made to the judgment below. The first is, that the defendant below could not remit the damages found; and that by the 12th section of the act for the more speedy recovery of debts to the value

of 25 dollars, the justice is bound to give judgment on the verdict.

This court have disregarded a verdict for 6 cents, considering it as merely nominal. If a jury in this court should give the plaintiff more damages than he claims, by his declaration, there would be no hesitation in allowing a *remittitur* of the surplus beyond the damages laid in the declaration. So if in an action in which the defendant was not entitled to damages, the jury should give him damages, I see no reason why he should not be allowed to remit them. A *remittitur* would be permitted in both cases, on the principle, that the party in whose favour a sum is found, has the right immediately to cede it to the other party; and that the mistake of a jury, which can be corrected by the act of the party in whose favour it is made, and which mistake is not imputable to him, shall work no prejudice. The cases cited do not apply to this question; nor are they opposed to these principles: the act ought to be construed in subserviency to these principles. It was obviously the intention of the legislature, to take away all right from the justice, to control or set aside the verdict of a jury: it would be an unnatural, and violent construction, to say, that the legislature meant to oblige the justice to give judgment in favour of a party, *nolens volens.*

The second objection, which relates to the merits, is, that the jury have disregarded an agreement relative to the partition fence, between the parties; and have founded their verdict on the decision of the fence viewers. I doubt much the legal efficacy of the agreement. It was not made between these parties. At all events, disputes did exist between them, as to the proportion of fence to be maintained by each; and thus the case came within the statute.* An exception has been made, to the decision of the fence viewers; but

* *Rev. Laws, 332. s. 14.*

it is of no avail; they never intended, and could not oblige the plaintiff, to make a fence across the defendant's land.

The judgment ought not, therefore, to be disturbed, on account of any contrariety in the evidence, as to the decision of the fence viewers, if there appears enough to support it. The court are of opinion, that the judgment must be affirmed.

Judgment affirmed.