KING'S Adm'r *versus* WALTON.

QUESTION IN THIS CASE.

*Whether the bond given by a claimant of property le-vied on under execution, can embrace real estate.*

1. A bond executed [before the act of 1828,] by the claimant of property, levied on under execution, and embracing a trial of the right of property, both to real and personal estate, is void, as a statutory bond.

This was a proceeding in Madison Circuit Court, instituted by Walton, for the object of enforcing a judgment, on motion, against the administrator of King, on a bond executed by the intestate, as a claimant of property, levied on under execution. The levy was upon real and personal estate; and the bond was dated September, 1825.

As the decision was rendered alone upon the fact, that the proceedings embraced a trial of the right of property in real and personal estate; and that the bond was intended to secure that end : none other of the facts are selected from the record.

*Mr. Craighead* for the plaintiff in error—and *Mr. Thornton* for the defendant.

HITCHCOCK, J.—This is a judgment upon a bond, given for a claim of property taken in execution. The proceeding below, was by motion under the statute. The bond was given before the passage of the act of 1828, on that subject, and the judgment is for the

3 v. P.    37

amount of the whole judgment in the original suit, on the return of the sheriff, that a part of the property claimed, had not been delivered, one negro having died pending the claim, and two children, born of one of the negroes, also pending the claim, not being delivered, but withheld by the obligors.

On looking into the bond, we find that the levy embraced real estate, as well as personal, all of which was claimed, and the condition of the bond was for the delivery of the property, when the right to the property claimed, should be determined.

This bond, though purporting to be a statutory bond, embraces a trial of the right to real estate, which is not authorised by law. It is contended, that so much of the condition as relates to the real estate, is surplussage, and should be disregarded; and that, in as much as the claim for the personal property was found against the claimant; and, as he has failed to deliver all that he received, and also the increase pending the suit, the bond has become absolute—and that judgment was properly rendered for the whole judgment.

We do not think so. This Court, in the case of *Sewell* vs. *Franklin*,[a] and in other cases, has fully discussed, and settled the principles applicable to statutory bonds of this character; and has held, that they must strictly conform to the statute.

The sheriff had no right to take a bond for the trial of the right to real estate; and it would be great injustice to the security in this bond, to subject him to the payment of this whole debt, when only a part of the condition upon which he stipulated to become liable, has been forfeited.—As a statutory bond, we cannot say that it shall stand good for a part, and

*2 Porter.*

be void for the residue. It may have been, and undoubtedly was, that the principal reliance which the security had, in entering into this bond, was upon the land levied on. As a statutory bond then, it cannot be sustained.

How far it can be relied on, as a common law bond, is not a question now before the Court.

The judgment must be reversed.

HOPKINS, J., not sitting in this cause.