*Note.* WILSON, Chief Justice, and SMITH and FORD, Justices, were not present at this term. FORD, Justice, having become a candidate for Governor, resigned.

---

ANTOINE FOURNIER, plaintiff in error, *v.* JOSEPH FAGGOTT, defendant in error.

| 4 | 347 |
| 30a | 293 |
| 4 | 347 |
| 50a | 608 |
| 4 | 347 |
| 60a | 79 |

*Error to St. Clair.*

Upon a writ of error, no objection can be taken to a declaration, where judgment in the Court below was rendered by default, except such as would be good on general demurrer.

In an action upon a bond given upon an appeal from the judgment of a justice of the peace, it is a sufficient assignment of breach to allege that the appellant did not prosecute his suit with effect, and that the judgment was affirmed, and that he "did not pay" the debt and costs.

An appeal bond, the condition of which is not in conformity to the statute, is binding upon the obligors.

*Semble,* That this would not be the case if the bond were involuntary, as a bail bond, &c.

In an action of debt, upon an appeal bond, it is error to render judgment for a greater amount of damages than the *ad damnum* laid in the declaration In such action, the assessment of damages, whether by the clerk or jury, should be entered of record. Judgment should be entered for the debt alone. and the amount of damages should be endorsed on the execution, to be collected in lieu of the debt. It is erroneous to enter judgment for the debt and damages.

Where the amount of damages exceeds the *ad damnum* laid in the declaration, the Supreme Court cannot render final judgment, but must remand the cause, so that the excess may be remitted in the Court below.

THE facts sufficiently appear in the opinion of the Court.

L. TRUMBULL, for the plaintiff in error, relied upon the following points and authorities :

1. The declaration is insufficient, and does not show a breach of the condition of the bond.  2 Chit. Plead. 461.

2. The appeal bond, not being in accordance with the statute, is void, and no action can be maintained upon it.   Laws of 1838–9,

291.    Statutory bonds must strictly conform to the statute.    3 Porter 289.

3.  The clerk had no power to assess the damages.    R. L. 490, § § 16 and 13.

4.  The damages assessed exceed the damages laid in the writ and declaration.

5.  The judgment is erroneous, being for the sum of $126 debt, and $63.87 damages, besides; when it should have been for $126 debt, to be discharged on the payment of the damages.    3 Blackf. 499.

This Court will not correct the error.    2 Scam. 565; Heyl v. Stapp et al., Ante 95.

J. SHIELDS and J. C. CONKLING, for the defendant in error.

SCATES, Justice, delivered the opinion of the Court:

This is an action of *debt*, on an appeal bond entered into by one Louis Boischat, and the plaintiff in error, instituted in the Court below, against the plaintiff in error alone.    The declaration, after reciting that the defendant in error had obtained a judgment against said Boischat for $63.87, and costs of suit, before a justice of the peace, from which he appealed, sets forth the condition of the bond, that "if the said Louis Boischat shall prosecute the said appeal, with effect, and pay and satisfy the debt and costs, in case the judgment shall be affirmed, on the trial of said appeal, then the obligation to be void."    The breaches assigned are, that he did not prosecute this appeal with effect; that the same was dismissed for want of his appearance; and that the judgment was affirmed; and that Louis Boischat did not pay and satisfy the debt and cost; and concludes with an averment that the plaintiff hath not paid the sum of $126, the penalty of the bond, *ad damnum* fifty dollars.    For want of appearance and plea, a default was entered, and the clerk assessed the damages to $63.87, for which the Court rendered judgment, " that the plaintiff do recover of the said defendant, the sum of one hundred and twenty-six dollars, the debt aforesaid, and sixty-three dollars and eighty-seven cents, the damages in form aforesaid assessed, and his costs about his suit in this behalf expended, and that he have execution therefor, &c."

The plaintiff assigns for error:

*First.*    That the declaration is insufficient;

*Second.*    That the bond is void;

*Third.*    That the judgment in debt and damages exceeds the damages laid in the writ and declaration; and

*Fourth.*    That the judgment is for the debt *and damages*.

The first assignment of error questions the sufficiency of the assignment of breaches.    Precedents of much greater precision, certainty, and particularity, are to be found. (1)    But as certainty to

(1) 2 Chit. Plead. 457.

a common intent is sufficient, (1) the Court cannot sustain the objection, if the declaration is sufficiently certain to show a violation of defendant's contract, and the *gravamen* of plaintiff's action. The plaintiff in error undertook that Boischat should prosecute his appeal, and pay the debt and costs, should the judgment be affirmed. The breaches are, that he did not prosecute his appeal, and pay the debt and costs. The objection is that "did not pay," in the past tense, refers to the time of the trial; *non constat*, but that he had since paid it. The objection is a technical one, and would not be good upon general demurrer, and of none other can the plaintiff avail himself by this writ or error. There is sufficient substance and certainty to inform the plaintiff in error, that the gist of this action is the non-payment of the debt and cost recovered in that appeal, at any time before suit brought.

The second error assigned is, we think, not well taken. The rule laid down in 3 Porter 289, that statutory bonds must strictly conform to the statutes, will not admit of universal application. As to bonds taken by officers to themselves, and under statutes declaring all void not taken in pursuance of it, we fully approve the doctrine, and especially that class which may be denominated involuntary, as for prison bonds, bail bonds, &c. In this case the party voluntarily entered into the bond, for the valuable consideration of a re-hearing, and delay to Boischat. There are several statutes presenting conditions to be inserted in appeal bonds. (2) The condition prescribed by the last statute is that the obligor will pay whatever judgment shall be rendered by the Circuit Court upon the trial, or dismissal of the appeal. (3) There can be no doubt but that the objection would have been sustained, if made in the Court below, when the party would have been allowed to amend the bond or file a new one. The objection however comes from the obligor himself, and at a time the plaintiff below cannot compel him to amend by giving a new one, with the last statutory condition. Reason and justice forbid to the obligor such an advantage of his own act, to the prejudice of the other party, after having enjoyed the full benefit of the object of the contract. There is no provision in any of these statutes, declaring void bonds taken without the condition prescribed by them; but those in relation to this class of suits, all provide for the amendment of the bond, if objected to, and deemed insufficient by the Court. (4) The condition is substantially the one prescribed by former acts, and we think sufficient to bind the obligor.

The third error we think well assigned. The ground of recovery here is the non-payment of the debt, and costs adjudged on the appeal, not as a debt *in numero*, ascertained in the bond, but as *damages* to be proved and assessed under the assignment of breaches;

(1) 1 Chit. Plead. 237–8, 255, and authorities there vouched.
(2) R. L. 395; Gale's Stat. 409.　　　(3) Laws of 1840, 109.
(4) R. L. 395; Gale's Stat. 409; Laws of 1840, 108.

and the damages should have been laid sufficiently high to cover the injury by reason of the breach of contract. The Court had no power to award the party more than he asked. He is supposed to know the full extent of the wrong, and to lay his damages high enough to remunerate him for his loss and injury. There is some distinction taken between the action of debt, and the actions of trespass, assumpsit, &c., which sound purely in damages. (1) But we can deduce no reason from analogy, why the averment *ad damnum* and that portion of the recovery, which is in damages in the action of debt, should not be governed by the same rule. (2) The obligation to pay $126 is not the *gist* of this action. The condition of the bond to perform another act, to pay another sum, exhibits the true nature of the contract between the parties. Its violation entitles the party to recover $126, as a fund, out of which he may collect his damages only. The distinction between the action of debt, being to recover a debt *eo nomine* and *in numero*, and assumpsit, &c., to recover damages, is now in some cases considered purely technical. (3) And since the statute (4) requiring the plaintiff to assign his breaches, and the endorsement of his damages upon the execution as the true recovery, the distinction between the *ad damnum* in the two forms of action is purely technical. The recovery in each is of damages, and cannot exceed the amount laid.

The last error is well taken. The assessment of the damages, whether by the Court, clerk, or a jury, should be returned and entered of record. Judgment should be entered for the debt alone, (5) and the damages should be endorsed upon the execution, for collection, in lieu of the debt. The judgment in this cause, being rendered for the debt, and $63.87 damages, is erroneous in form and substance. The statute (6) authorizes this Court to enter final judgment, and issue execution; and such is the practice of the Court, (7) where the record is such as to enable this Court to determine what judgment ought to be rendered. But there are errors which this Court cannot correct by final judgment upon the record as presented here. (8) In this case the plaintiff having taken judgment for more damages than laid in his declaration, it is not in the power of this Court to reduce his verdict or assessment of damages, (9) for he can enter a *remittitur* before judgment, in the Court below, and thus cure the error.

The judgment of the Court below is therefore reversed with costs, and the cause remanded.

*Judgment reversed.*

Note.    See McConnel v. Swailes, 2 Scam. 572.

(1) 1 Chit. Plead, 400.              (2) 5 East. 142; 1 Taunt. 152.
(3) 1 Chit. Plead. 104.              (4) R. L. 490; Gale's Stat. 532.
(5) Breese 174.                      (6) R. 495, 34.
(7) 1 Scam. 415; 2 Scam. 573.        (8) Breese 174.
(9) 1 Chit. Plead. 400; 4 M. & S. 94; 1 M. & S. 675; 5 East. 142; *vide* 4 Johns. 415.