## CLARK vs. DENURE.

The plaintiff, in a justice's court, may, upon the coming in of a verdict in his favor, for more than twenty-five dollars, remit the excess beyond that amount, or any other sum, and a judgment for the residue will not be erroneous.

ERROR to the Jefferson C. P. Clark sued Denure before a justice and declared for fraud in the sale of a pair of horses. The defendant pleaded the general issue. On the trial, which was by jury, a verdict was rendered in favor of the plaintiff for $34, who immediately remitted the excess beyond $24,99, for which sum the justice rendered judgment, with costs. The common pleas reversed the judgment, on the ground that the justice committed an error in allowing the plaintiff to remit a part of the damages, and in giving judgment for the residue only.

*J. Clark,* for the plaintiff in error.

*R. Lansing,* for the defendant in error, insisted that the justice was bound to enter in his docket a judgment for the precise verdict rendered by the jury. (2 *R. S.* 244, § 110; *id.* 247, § 124.) The only authority for remitting a part of a verdict is in § 125, where it may be done when it exceeds the jurisdiction of the justice.

*By the Court,* JEWETT, J. The plaintiff supposes that the provisions of the present statute have deprived the justice of the authority which he formerly had in rendering judgment upon the verdict of a jury. But I think that, with the exception of the provision in the 125th section, allowing a *remittitur* when the verdict is for a sum exceeding the justice's jurisdiction, the authority of the justice is now substantially what it was under the former statutes. The 9th section of the twenty-five dollar act, (1 *R. L.* 391,) provided that when the jurors had agreed on their verdict, they should deliver the same to the justice in the same court, who was thereby required to give judgment thereupon. While that statute was in force, in an action of trespass upon lands, the jury before a justice rendered a verdict for the

defendant for twenty-five cents damages with six cents costs. The defendant remitted the damages and the justice entered the *remittitur* and gave judgment generally for the defendant; and it was held to be correct on *certiorari.* It was then said, by Spencer, J. that "if a jury in this court should give the plaintiff more damages than he claims by his declaration, there would be no hesitation in allowing a *remittitur* of the surplus beyond the damages laid in the declaration. So if, in an action in which the defendant was not entitled to damages, the jury should give him damages, I see no reason why he should not be allowed to remit them. A *remittitur* would be permitted in both cases, on the principle that the party in whose favor a sum is found has the right immediately to cede it to the other party; and that the mistake of a jury, which can be corrected by the act of the party in whose favor it is made, and which mistake is not imputable to him, should work no prejudice." (*Bergen* v. *Kortright*, 4 *John.* 414.) In *Putnam* v. *Shelop,* (12 *id.* 435,) the plaintiff's claim as proved was $34, and the justice rendered a judgment for $25 and costs. It was held that the plaintiff had a right to waive his claim for the excess over $25. Such is the rule at common law. (*Bac. Abr. Damages, d.* 2; 2 *Cowen's Tr.* 1010.) In *Barber* v. *Rose,* (5 *Hill,* 76,) it was held that the plaintiff might remit the excess of damages found in his favor exceeding the amount claimed in his declaration, and take judgment for the sum demanded; and that no good reason had been urged against his doing so in any case.

I am of opinion that the plaintiff may in any case before judgment remit any part of the sum found in his favor by the verdict of a jury and take judgment for the residue, if such residue do not exceed the jurisdiction of the justice, or the sum claimed by the declaration.

The common pleas, however, correctly reversed the judgment in this case for a reason not mentioned in the record. The action was for a deceit, and there was no evidence of a *scienter,* without which the action could not be sustained.

Judgment affirmed.