STRONG, plaintiff in error, *vs.* DANIELS, defendant in error.

The jurisdiction of a Court must be determined from the record, and where it depends on amount, by the sum claimed in the writ or declaration.

Where plaintiff claims in his writ an amount sufficient to give the Circuit Court jurisdiction, and recovers only a sum within the exclusive jurisdiction of a Justice, costs will be given to the defendant.

Error to Wayne Circuit.

The plaintiff below, brought an action of trespass on the case, against the defendant, claiming in his declaration $1000 damages.   The general issue was pleaded, and at the trial, the jury found a verdict for the plaintiff of $50, for which sum the Court accordingly rendered judgment in his favor, with costs of suit.   The defendant below sued out this writ of error.

*Wilcox & Gray*, for plaintiff in error.

The action was commenced in 1854, and the jurisdiction of the Circuit Court is governed by the statute then in force, under which, exclusive jurisdiction was vested in Justices' Courts when the amount to which plaintiff was entitled did not exceed one hundred dollars.   Jurisdiction formerly depended upon the amount demanded, but now upon the amount to which the plaintiff is entitled.   The new Constitution differs materially from the old one.   Instead of leaving it to the Legislature, it fixes itself, the cases where Justices shall have exclusive jurisdiction.   "In civil cases Justices of the Peace shall have *exclusive* jurisdiction to the amount of one hundred dollars."   (*Art.* 6, *sec.* 18.)

The same Constitution made it the duty of the Legislature to adapt the present laws to its provisions.   (*Schedule, sec.* 13.)

The Legislature of 1851 accordingly amended the Justice act then in force, and gave them "original and *exclusive* jurisdiction of all civil actions wherein the debt or damages

do not exceed the sum of one hundred dollars." (*Laws of* 1851, *p.* 204.)

These marked changes in the Constitution and statute could have but one intent—that of fixing the respective jurisdiction of the Courts by statute, instead of leaving it virtually in the control of the plaintiff in each case. The amendment to the statute intended to make jurisdiction dependent on the actual debt or damages to which plaintiff was entitled, instead of the amount demanded.

Other States have similar statutes, and they have received the construction we contend for. (*Caldwell* vs. *Garmany*, 3 *Hill*, 202; *O'Reilly* vs. *Murdoch*, 1 *Gill's*, (*Maryland*,) 32; *Beall* vs. *Black*, *Ib.* 203.)

Even although entitled to judgment for damages, plaintiff below was not entitled to costs. Costs are given by statute, and this is not among the enumerated cases. (*R. S.* 635, §§ 4, 5.)

*Lothrop & Duffield*, for defendant in error.

Prior to the amendment of the Justice law, (*Sess. L.* 1853, *p.* 204,) there would have been no question but that the Circuit Court had jurisdiction. But the statutes previous to 1853, defining the jurisdiction of Justices of the Peace, differed from the statute of 1853, only in one word—" debt, or damages *demanded*." (*R. S.* 1838; *L.* 1841, *p.* 81; *R. S.* 1846, 387.) The Constitution and law, by this verbal change, contemplated no change in the test of jurisdiction.

Where jurisdiction depends on amount, it is determined by the claim as demanded by the plaintiff. (*Clark* vs. *Cameron*, 4 *Ired.* 161; *Singleton* vs. *Madison*, 1 *Bibb.* 342; *Hume* vs. *Ben*, *Ib.* 402; *Humbell* vs. *Hamilton*, 3 *Dana*, 502; *Mills* vs. *Couchman*, 4 *J. J. Marsh*, 242.) In Arkansas and Pennsylvania, the words of the statute are, "sum in controversy;" yet in assumpsit, as well as tort,

the ruling was the same as in above cases. (*Hillman* vs. *Martin*, 2 *Pike*, 169 ; *Burr* vs. *Bayne*, 10 *Watts*, 299; 4 *Watts & Serg.* 31; *Odell* vs. *Culbert*, 9 *Ib.* 68; 3 *Serg. & R.* 462 ; *Kline* vs. *Wood*, 9 *Ib.* 299; *Fenton* vs. *Harred*, 17 *Penn. State R.* 158.) The same doctrine has been sanctioned in Vermont. (*Morrison* vs. *Moore*, 4 *Verm.* 264 ; *Kittridge* vs. *Rollins*, 12 *Ib.* 541; *Wightman* vs. *Carlisle*, 14 *Ib.* 296; *Cooley* vs. *Aiken*, 15 *Ib.* 322; *Joyal* vs. *Barney*, 20 *Ib.* 154.) So in Connecticut. (*Newton* vs. *Danbury*, 3 *Conn.* 558.) The U. S. Court has laid down the same rule in a variety of applications. (*Sherman* vs. *Clark*, 3 *McLean*, 91; *Muns* vs. *DeNemours*, 2 *Wash. C. C. R.* 463 ; *Wilson* vs. *Daniel*, 1 *Pet. Cond.* 185; *Gordon* vs. *Longest*, 16 *Pet.* 104.) In New York, it was held that where the sum in demand was, in its nature, on the face of the declaration, uncertain, the *ad damnum* was the test. (*Shotwell* vs. *Daniels*, 8 *J. R.* 341.) The same test is adopted in Courts of Chancery. (4 *Paige*, 364; 7 *Conn.* 496.)

The same doctrine is applied also in that class of cases which hold that though the *actual debt or damages* exceed the jurisdiction of a Justice Court, yet where the *ad damnum* is within its jurisdiction, the action may be maintained. (*Herren* vs. *Campbell*, 19 *Verm.* 23; *Putnam* vs. *Shelop*, 12 *J. R.* 435; *Clark* vs. *Denure*, 3 *Denio*, 319; *Boyd* vs. *Hensley*, 5 *Hayw.* 258 ; *Goldthwait* vs. *Dent*, 3 *McCord*, 296 ; *Fenton* vs. *Harred*, 17 *Penn. State R.* 158.)

And the doctrine equally follows from those decisions which hold that when the *ad damnum* exceeds the statutory jurisdiction of a Justice, he has no jurisdiction. (*Bowditch* vs. *Salisbury*, 9 *J. R.* 366; *Yager* vs. *Hannah*, 6 *Hill*, 631; *Rockwell* vs. *Perrine*, 5 *Barb. S. C.* 574.) In Courts other than those of inferior jurisdiction, where, on the face of the process and declaration, a case appears within their jurisdiction, an objection to the jurisdiction can be taken only by plea. 1 *Chit. Pl.* 440, 441; *Clark* vs. *Cameron*, 4 *Ired.* 161; *Heil-*

*man* vs. *Martin*, 2 *Pike*, 169; *Smith* vs. *Elder*, 3 *J. R.* 105; *De Wolf* vs. *Raband*, 1 *Pet.* 476; *Smith* vs. *Kernochan*, 7 *How.* 216.) A plea in abatement, in this case, could not be framed which would not have involved a trial on the merits. If the Circuit Court had no jurisdiction, it could give no judgment—not even for costs. (*Church* vs. *Church*, 4 *J. J. Marsh*, 13; *McIver* vs. *Wattles*, 9 *Wheat.* 650.)

By the Court, COPELAND, J.

· It is alleged that the judgment was erroneous, for the reason, first, that the Circuit Court had no jurisdiction of the cause; the damages found by the jury being within the exclusive jurisdiction of a Justice of the Peace. Under the provisions of the statute of 1851, the Circuit Court has original and exclusive jurisdiction in all causes, except where exclusive or concurrent jurisdiction shall be given to, or be possessed by some other Court. By a provision of our new Constitution, Justices of the Peace have exclusive jurisdiction to the amount of $100, and the Justice act, in accordance with the constitutional provisions, declares that " every Justice of the Peace shall have original and exclusive jurisdiction of all civil causes, wherein the debt or damages do not exceed the sum of $100." Hence, it appears that the amount found by the jury in this cause is within the exclusive jurisdiction of a Justice of the Peace, and if jurisdiction is made to depend upon the amount thus found, then it as clearly appears that the Circuit Court had no jurisdiction, as is claimed by the plaintiff in error.

The question presented by the *first* point, then, is, what shall be regarded as the test of jurisdiction, the sum claimed by the plaintiff in his declaration; or that found by the jury, or the judge, if the case is tried without a jury.

Under the statutes in force prior to the adoption of our existing Constitution, Justices of the Peace had jurisdiction in all civil actions where the debt or damages demanded did

not exceed $100. I apprehend *that under these statutes, it* was never doubted, that the test of jurisdiction was the amount claimed in the plaintiff's writ. But we have seen that the present law varies from the former, in that the present law does not contain the word *demanded*, and it is contended that the omission of this word, evidences an intent, on the part of the law maker, to produce some change in the effect of the law, and that no other intent could have been had in view than that of changing the test of jurisdiction. It is a general rule, that where a statute law is found to have been amended, either by the addition to or by the omission of words or sentences used in the original, the law maker must be presumed to have had some object in view—to have intended thereby to effect some change—and that it is the duty of Courts, when called upon to construe such amended laws, to seek for that intent, and not render void by construction, parts added, nor revive parts omitted. But it may well be doubted, whether in the construction of revised, or entire new drafts of statute laws, any such rule should be applied, or if attempted, could be applied with any hope of rendering it clearer by the process. For in such cases it is not unfrequently found, that material changes in the language employed, and in the construction of sentences, have been adopted, evidently without any intent to vary the effect of the law as it originally existed, upon the given subject, but designed in some instances, perhaps, to improve the style, but they more frequently result from carelessness or accident. May not the omission of the word *demanded*, in the provision of the law under consideration, have been of this character? Would so radical a change in our judicial proceedings, if intended, have been left to be arrived at by implication, when by the addition of a single word, it could have been rendered clear and positive? I am constrained to believe that it would not have been so left, and that no such change was contemplated. No extrinsic evidence has been adduced, leading to a contrary conclusion.

No occasion or necessity for the change—no mischief felt—no remedy sought—has been shown.

We might here well rest upon the assumption, that if no new test of jurisdiction was contemplated, then the intention must have been, that the old test—the amount claimed in the writ and declaration—should be continued. But, aside from the question of intent, I apprehend that upon general principles, and from judicial decisions touching the construction of the language of the statute, the same conclusion must be arrived at; that jurisdiction must be determined from the record, and where it depends on amount, by the sum claimed in the declaration or writ.

It is true, that the case of Caldwell *vs.* Garmany, (3 *Hill S. Car. R.* 202,) cited by the counsel for the plaintiff in error, clearly sustains the opposite position, that the jurisdiction must be determined not by the amount claimed, but by the amount recovered. This decision was under a statute very similar to that of this State. The decisions in Maryland may also be regarded as tending to sustain the same position, though the statutes in the latter State are distinguishable from our own, in that the former point to different tests of jurisdiction in cases of tort, and cases of contract. (*O'Reilly* vs. *Murdoch*, 1 *Gil.* 32; *Beall* vs. *Black*, 1 *Ib.* 203.)

On the other hand, we find that it was determined in England long ago, that in actions sounding in damages, the cause of action must be taken from the sum laid in the count, because the plaintiff cannot see what damages may be given. (*Hardw.* 6.) The case from Penn., cited at bar, Hancock *vs.* Barton, (1 *Serg. & R.* 269,) was an action of trespass wherein the damages were laid at $2000, but the jury found a verdict for only $350. Tilghman, C. J., in his opinion sustaining the jurisdiction of the inferior Court, says, "jurisdiction depends upon the act of March, 1810." It appears by that act, that the Court have original jurisdiction in cases wherein "the matter in controversy shall be of the value of

$500 and upwards. In actions founded in tort, the matter in controversy is the sum laid in the declaration." So in North Carolina,· in the case of Clark *vs.* Cameron, (4 *Ired.* 163,) the Court say: "We think from the words of the statute, and from the nature of the subject, that it manifestly applies to actions in which less than $100 is sued for or demanded in the writ and declaration, and not to those in which a large sum is sued for, but a smaller found due by the verdict." The words of the statute to which the Court were giving a construction were as follows: "If any suit shall be commenced for any sum of less value than $100, the Court shall dismiss," &c. Again, in Kentucky, in a case in their Court of Appeals, involving the jurisdiction of one of their Courts, and which depended upon the construction of the words, "*matter in controversy*," Robinson, C. J., said that it had repeatedly been decided by that Court, that in actions *ex contractu* the amount of the debt or damages laid in the declaration, and not the sum recoverable, must regulate jurisdiction. (*Mills vs. Couchman,* 4 *J. J. Marsh,* 246.) A like construction of similar statutes may be found in the reports of several other States. (*Skinner* vs. *Bailey,* 7 *Conn.* 497; *Putnam* vs. *Shelop,* 12 *J. R.* 435; *Clark* vs. *Denure,* 3 *Denio,* 320; *Cooley* vs. *Aiken,* 15 *Verm.* 327.)

By a judicial statute of the Union, it is provided that certain decisions of the Circuit Courts may be removed to the Supreme Court by writ of error, where the "*matter in dispute*" exceeds the sum or value of $2000. Held under that statute, that the sum demanded, and not the sum found by the jury, constitutes the *matter in dispute* between the parties, and gives the right of appeal. (*Wilson* vs. *Daniel,* 3 *Dall. R.* 401.) In another case involving a similar provision of the statute, it was held that the amount recovered could not affect jurisdiction, a sufficient sum being claimed in the writ. (*Gordon* vs. *Longest,* 16 *Pet.* 97.) This doctrine is also recognized in determining the jurisdiction of Justices.

It is well settled in actions commenced before a Justice of the Peace, that the test of jurisdiction is the sum demanded in the writ or declaration, and the Justice will not be ousted of his jurisdiction by the jury returning a verdict, or by proof of damages beyond his jurisdiction. In such case the excess may be remitted, and judgment rendered for the balance.

It is argued that such construction of our statute would lead to the prosecution of petty and unimportant suits in our Circuit Courts. Such an evil, if found to exist, might possibly require a legislative remedy. Touching this objection, however, I will remark, that a sufficient remedial power may be found already to exist in the Courts. In Vermont, the rule has obtained, and that too, it seems, in the absence of any statute upon the subject, that where it appears that a party has claimed in his declaration a larger sum than he has reason to suppose himself entitled to recover, but fraudulently claimed for the purpose of giving the Court jurisdiction, the suit will be dismissed. (*Kittridge* vs. *Rollins*, 12 *Verm.* 541; *Cooley* vs. *Aiken*, 15 *Ib.* 327.)

But in the absence of any remedy for the evil suggested, I apprehend the latter would be no greater than might reasonably be found would accrue from giving the statute the construction contended for by the plaintiff in error. If the amount found by the jury should be made the test of jurisdiction, it might frequently be found after many days consumed in the trial of a cause, and heavy expenses incurred therein by the respective parties, that the Court had no jurisdiction, and so be compelled to dismiss the proceedings, thus causing the jurisdiction of the Court to depend upon mere accident, the absence of a witness, or the prejudice or caprice of a juror.

Chief Justice Hutchinson has well remarked, that the verdict found by the jury can furnish no rule for the decision of this question. The jurors may have differed widely from

each other, and the verdict be the result of compromise. (*Morrison* vs. *Moore*, 4 *Verm.* 270.)

*Secondly*, it is claimed that although the plaintiff below was entitled to his damages, he was not entitled to costs. A majority of the Court are of the opinion that this objection was well taken. That while the sum claimed in the writ, or declaration, may be regarded as the test, so far as to give the Court jurisdiction, and having once acquired jurisdiction, will retain it; yet if it should be found on the trial, by the finding of the jury, or the Court, if the cause is tried without a jury, that the plaintiff is only entitled to recover a sum within the jurisdiction of the Justice, costs will be given to the defendant. The recovery of costs is a matter regulated by our statute. Sub. 4 of sec. 3, chap. 149, of the R. S., provides "that in all actions for the recovery of any debt or damages, or for the recovery of any penalty or forfeitures, in cases where such actions are cognizable by a Justice of the Peace," the plaintiff shall have costs. This provision standing alone and unconnected with, and independent of any other provision, would give the plaintiff costs in all cases, if he prevails, whatever amount of debt he might recover. But when the fourth subdivision is taken in connection with the subsequent subdivision of the same section, it evidently appears that such was not the intention of the Legislature. Sub. 5 of said sec. 3, provides that the plaintiff shall have costs, if he prevail, in all actions where the plaintiff shall recover any sum, if it appears that his claim, as established at the trial, exceeded two hundred dollars, and the same was reduced by set-off.

Under the provisions of sub. 6 of said sec. 3, in actions of trespass upon lands, or for taking personal property, where the Court before whom the same is tried shall certify in their minutes, or the jury, by whom the damages shall be assessed, shall find and return in their inquisition, that such trespass was willful and malicious, the plaintiff will be entitled to

costs, whatever sum he may recover as debt. Again, sec. 5 provides, that in case a plaintiff recover judgment, but not enough to entitle him to costs, the defendant shall have judgment for costs against the plaintiff. Hence we find that to give sub. 4 the construction contended for by the defendant in error, and one which its literal import, unconnected with other provisions, would demand, would render of no force or effect the other provisions cited; a result that would violate well established rules of construction.

We are therefore of opinion that the judgment of the Circuit Court should be affirmed as to the debt or damages recovered, and reversed as to costs.