BUCK vs. MILLER.

THALES L. BUCK *vs.* MADISON MILLER.

Under Sec. 5597 of the *Compiled Laws,* as amended by the act of 1871, (*Laws of* 1871, page 192,) the plaintiff, in an action upon contract for the recovery of damages, is not entitled to costs unless the damages recovered by him exceed $100—but the defendant is in such case, under Sec. 5600, *C. L.,* entitled to costs against the plaintiff.

*Washtenaw Circuit. May,* 1871.

This was an action upon contract commenced in this Court for the recovery of damages—the plaintiff's claim exceeding $300. On the trial the plaintiff recovered $80 77 damages. The plaintiff moves for final judgment for that amount and his costs of suit, basing his claim for costs on the 4th subdivision of Sec. 5597, of the *Compiled Laws,* as amended by the act approved April 17, 1871, (*Laws of* 1871, pages 192, 193.)

The defendant also moves for judgment for costs, on the ground that the damages recovered by the plaintiff are less than $100.

*C. Joslin,* for Plaintiff.

*H. J. Beakes,* for Defendant.

6

*By the Court*, HIGBY, J.—By the section referred to, as amended, it is enacted in substance, that if the plaintiff recover judgment he shall recover his costs : " *Fourth*, in all actions of replevin, and in all actions for the recovery of any debt or damages or for the recovery of penalties or forfeitures, *in all cases where the Court has exclusive or concurrent jurisdiction.*"

It is claimed in behalf of the plaintiff, that as the Court had jurisdisdiction of this cause, and as it was for the recovery of damages and the plaintiff recovered a judgment, he is entitled to costs.

The jurisdiction of the Court is not disputed. It is well settled in this State, that in an action of this nature, the test of jurisdiction is the amount claimed by the plaintiff in his writ or declaration, and not the amount recovered on the trial. *Strong vs. Daniels*, 3 *Mich.*, 466 ; *Inkster vs. Carver*, 16 *Id.*, 484 ; *Merrill vs. Butler*, 18 *Id.*, 294.

If then we consider the words, " exclusive or concurrent jurisdiction," as used in this (4th) subdivision, as referring to the action itself and the authority of the Court to try it and render judgment in it, the plaintiff's claim must inevitably prevail.

But is that the sense in which those words were there used ?—Does this construction lead to the result which was manifestly intended by the Legislature ? If so, and it was intended that the plaintiff should recover costs in all actions for the recovery of damages in which he may recover judgment, without regard to the amount, the last clause of said 4th subdivision is useless. Such intention would have been better expressed without it. The plain reading, then, would have been, " if the plaintiff recover judgment he shall recover his costs : *Fourth*, in all actions of replevin, and in all actions for the recovery of any debt or damages, or for the recovery of penalties or forfeitures," and there would have been no room for construction. Such being the intention, therefore, the clause " in all cases where the Court has exclusive or concurrent jurisdiction," is not only useless as before stated, but worse than useless, because it tends to render obscure a meaning which without it would be clear and certain.

This would not be all. By such construction, the fifth subdivision of the same section is rendered nugatory This subdivision provides for the recovery of costs by the plaintiff, " in all

cases where the plaintiff shall recover less than $100, if it ad-pear that his claim as established at the trial exceeded $100 and was reduced by set-off." Set-offs can only be allowed in actions upon judgment, or contract for the recovery of debt or damages, (*C. L.*, Sec. 4180;) and if by this 4th subdivision the plaintiff is to recover his costs in such an action whenever he recovers judgment, without regard to the amount, then it is immaterial whether his claim established at the trial was reduced by set-off or not, and the 5th subdivision may better have been omitted.

Now it is a well settled rule that statutes must be so construed as to give effect to every part. One part must not be so construed as to render another part nugatory or of no effect.—The same rule applies to words in the construction of a statute. *People vs. Burns*, 5 *Mich.*, 114. Some other construction of this statute, therefore, must be sought for—one which will harmonize and give effect to all its parts.

By the Constitution, (Sec. 18, Art. 6,) it is provided as follows: " In civil cases Justices of the Peace shall have exclusive jurisdiction to the amount of $100, and concurrent jurisdiction to the amount of $300, with such restrictions as may be provided by law." Sec. 1, of the Justice's Act, restricts their concurrent jurisdiction to actions upon contract. The jurisdiction of the Circuit Court is exclusive or concurrent in all civil actions except as jurisdiction is given to Justices of the Peace.

Although the Supreme Court has wisely held that the amount in controversy, and not the sum recovered on the trial, is the test by which the Court is to determine its jurisdiction or right to try a suit and recover judgment therein, yet the Legislature in an act providing for and regulating costs merely, may have used the word "jurisdiction," in a very different sense. Costs are an incident to a judgment already rendered, and a person drafting such an act and having in view the constitutional provision before quoted, would naturally have reference to the sum *recovered*, rather than the *claim* which had been the subject of litigation. I think the word should be so applied in this instance. The last clause of said 4th subdivision, " in all cases where the Court has exclusive or concurrent jurisdiction," are words of restriction, designed to limit the general

effect of. the subdivision, which, without them, would give the plaintiff costs in all cases in which he might recover a judgment, without regard to the amount; the effect being to limit the plaintiff's right to costs in the class of actions named. to those cases where the amount recovered by him shall exceed the sum named in the Constitution in defining the exclusive jurisdiction of Justices of the Peace.

In this way only can full effect be given to the statute, (Sec. 5597,) in all its parts. And in this way only can effect be given to that part of Sec. 5,600, of the same chapter, C. L., which provides that if the plaintiff recover judgment, but not enough to entitle him to costs, the defendant shall have costs. There would be no case in which this provision could be applied if the plaintiff were to have costs in all cases in which he may recover judgment, without reference to the amount.

I am therefore of opinion that the defendant is entitled to judgment for costs.

Judgment must be entered in fvaor of the plaintiff for the damages recovered by him, and in favor of the defendant for his costs of suit to be taxed.