## Robert Inkster v. Elizur R. Carver et al.

*Test of Jurisdiction in Circuit Court: Declaration.* Under the provision of the constitution giving exclusive jurisdiction to Justices of the Peace to the amount of $100, the damages claimed in the declaration or process, and not the amount found by the court or jury upon the trial is the test of jurisdiction.

*Constitutional law: Title of Acts.* The title to the act regulating costs (*Sess. L. 1867, p. 83,*) is as follows:

"An Act to repeal all existing laws, rules and provisions of law restricting or controlling the right of a party to agree with an attorney, solicitor or counselor for his compensation, and to more accurately fix and determine the costs to be allowed to the prevailing parties in suits at law, in the Circuit Court."

The act provides for the taxation of costs in suits at law, including attorneys fees; and also permits parties to suits to make such private arrangements with their attorneys for carrying on suits, as they may agree upon.

*Held,* That the object of this act was to settle and declare the laws of compensation for skill and services in suits at law, in the Circuit Court; and that comprehends the question of compensation as between lawyer and client, as well as between the parties, and was the proper subject of a single act. It does not conflict with that provision of the constitution which declares that no law shall embrace more than one object, which shall be expressed in its title.

*Costs: Prevailing party.* Under the *Comp. L.* § *5597, subd. 4,* the plaintiff was entitled to costs "in all actions for the recovery of any debt or damage * * * in cases where such actions are not cognizable before a Justice.'"

By the provisions of the Act of 1867, p. 85, it is provided that the *prevailing party* shall recover costs in specified cases.

*Held,* That this act is not to be construed as changing the pre-existing law in regard to the party *entitled* to recover costs in suits commenced in the Circuit Court; but only as regulating the *amount* of costs recoverable in the cases therein specified.

The words "prevailing party" are to be understood as referring to those parties entitled to costs under the unrepealed law.

*Heard April 18th. Decided April 21st.*

Case made from Wayne Circuit.

This was an action of assumpsit to recover the value of certain sawed lumber.

The declaration was on the common counts, and damages were laid at $500.

Judgment was rendered for plaintiff, with costs.

The facts are stated in the opinion.

*H. M. & W. E. Cheever*, for plaintiff.

1. The first question raised denies the jurisdiction of the Court to render a judgment for damages, because the amount recovered was within the exclusive jurisdiction of a Justice of the Peace.

By the Constitution Circuit Courts in all civil cases have "original jurisdiction," and by the statute "original and exclusive jurisdiction" in all cases not otherwise provided.— *Const. Art.* 6, § 8; *Comp. L.* § 3418.

By the constitution Justices of the Peace have "exclusive jurisdiction," and by the statute "original jurisdiction," in all civil cases "wherein the debt or damages do not exceed one hundred dollars.— *Const. Art.* 6, § 18; *Comp. L.* § 3653.

This jurisdiction must in each case be determined by the record, and when it depends on amount, by the *ad damnum* of the writ or declaration. — 3 *Mich.* 466.

The amount claimed in the declaration in this case was $500.

2. The second question denies the power of the court to give plaintiff costs.

Costs depend entirely upon the statute, and are not awarded by common law.

By the statute, as it existed previous to the act of 1867, plaintiff was entitled to costs. — *Comp. L.* § 5597, *sub.* 4 *and* 5.

By the act of 1867, which repealed § 5597, plaintiff was entitled to costs as the "prevailing party."—*Act of* 1867, *p.* 83.

And no costs can now be taxed, excepting as allowed by the latter act.— *See* § 2.

3. But it is insisted that the act of 1867 is unconstitutional and void, because in conflict with sec. 20, art. 4, of the constitution, in that it embraces more than one object.

*a.* It does not conflict with the spirit of sec. 20.

The act has but one general object, which means, end or ultimate purpose. That end or purpose was to regulate

all the expenses of litigation: both attorney's charges and costs. This object is accomplished by removing all restrictions from the former, and defining and limiting the latter

The subjects embraced in the law may be various, provided they are necessarily included to perfect the object as expressed in the title. — 13 *Mich.* 494.

*b.* Neither does it violate the letter of the constitution. Costs are supposed to answer the double purpose of remunerating the prevailing party for his disbursements, and punishing the defeated litigant for compelling a resort to judicial proceedings. But the costs as taxed only repay the smaller portion of the expenses of litigation, leaving the greater item of attorney's fees and charges to pay.

*Ward & Palmer,* for defendants.

1. The court had no jurisdiction in said cause, and could not render judgment on said verdict, for the reason that the amount of the verdict was less than $100.— *Const. Art.* 6, § 18.

2. If the court below had jurisdiction in this cause, costs should have been allowed the defendants and not the plaintiff, under said verdict.

Before the statute of 1867, there will be no question but that the 4*th sub. of* § 5597 *and* § 5600 *Comp. L.* gave the defendants costs, and not the plaintiff.

The law of 1867, regulating costs, is unconstitutional.

*Article* 4, § 20 of the constitution provides that no law shall embrace more than one object, which shall be expressed in its title.

The act of 1867, *Session Laws of* 1867, *p.* 83, repeals all existing laws, rules, and provisions of law, restricting or controlling the rights of a party to agree with an attorney, solicitor or counselor for his compensation, and to more accurately fix and determine the costs to be allowed to the prevailing parties in suits at law in the Circuit Court," or rather abrogates all laws relating to champerty, so far as

attorneys, solicitors, or counselors are concerned, and the penalties attached thereto. And then goes on to provide what attorneys' fees may be taxed as a part of the costs in suits at law; one relating to contracts between private individuals and the law regulating them; and the other fixing the amount to be allowed to certain public litigants under certain circumstances under a judgment of a legal tribunal; objects distinct from each other, and previously controlled by entirely separate provisions of law.

GRAVES J.

This is an action of assumpsit, commenced by declaration in the court below on the 5th day of January, 1867. The declaration contained the common counts only, and the damages were laid at $500. On the 24th of the same month, the plaintiff filed his bill of particulars, and therein claimed $236.09; and the defendants pleaded the general issue on the day following. On the 25th of September thereafter, the cause was tried by a jury and the plaintiff submitted evidence tending to show a demand against the defendants for sawing to the amount of $217.11. The defendants submitted evidence under the issue tending to prove payments by them upon said demand to a considerable amount, and the jury returned a verdict in favor of the plaintiff for $53.51 damages. The defendants' counsel thereupon insisted that, inasmuch as the recovery by the plaintiff was less than $100, the Circuit Court had no jurisdiction to render any judgment for the plaintiff; and that in any event the defendants were entitled to recover costs. The court, however, awarded judgment in favor of the plaintiff for the damages found by the jury, together with full costs of the suit.

In *Strong v. Daniels*, 3 *Mich.* 466, it was decided, upon deliberate consideration, that the damages claimed in the declaration or process, and not the amount found by the court or jury upon trial, must be the test of jurisdiction

under the provision of the constitution giving exclusive jurisdiction to justices of the peace to the amount of $100. That is believed to be the only practical rule, and it ought not to be brought into doubt by any re-examination of the question.

The act approved March 15th, 1867, is claimed to be in conflict with that provision of the constitution which declares that no law shall embrace more than one object, which shall be expressed in its title.

Before the court will declare an act invalid as opposed to the constitution, the repugnancy of the law to the constitution must be manifest; and if the conflict is supposed to arise from any peculiar interpretation of the act, the law should be sustained and such interpretation overruled, unless the particular interpretation is imperatively required. The object of the act in question was to settle and declare the law of compensation for skill and services in suits at law in the Circuit Court. This object comprehended the question of compensation as between lawyer and client as well as between party and party, and in such view was the proper subject of a single act, and the title sufficiently expressed that objects.—*Conner v. The Mayor, etc.* 1 *Seld.* 285; *The People v. Mahaney,* 13 *Mich.* 482. Whether the act is susceptible of any interpretation which could possibly make it applicable to a subject not expressed in the title or which would produce such an incongruity as the constitution interdicts need not be considered. It is sufficient for the present purpose that it stands well upon the application now involved.

It was further contended that costs should have been given to the defendants. This position is deemed to be correct.

The law of 1867 is not to be understood as changing the pre-existing law in regard to the party entitled to recover costs in suits commenced in the Circuit Court, but as regulating the amount of costs recoverable in the cases

specified.  The contrary view would sweep away many salutary provisions and produce almost irremediable confusion and embarrassment.  Had it been the purpose of the Legislature to produce a change so wide and radical, it would not have been left to be inferred from a single vague expression.

The familiar rule that the law does not favor repeals by implication, tends somewhat to fortify the view here taken. Much stress was placed upon the words "prevailing parties," by the plaintiff's counsel.  These words must be taken to refer to those parties entitled to costs under the unrepealed law, and not to parties, who, although they recover damages, are denied costs by such law.

In using the words mentioned, the legislature were providing what costs should be recovered by those entitled to recover costs, and were not overturning a great number of pre-existing enactments which regulated the right to costs.

They passed directly from a repealing clause to one of positive institution, and recognized the existence of provisions which determined who were the "prevailing parties" as to costs.

I think the rule laid down in *Strong v. Daniëls,* governs this case, and that the defendants ought to recover costs.

The judgment below must be reversed, and judgment must be entered here in favor of the plaintiff for $53.51 damages, and in favor of the defendants for the costs of both courts.

COOLEY CH. J. and CAMPBELL J. concurred.

CHRISTIANCY J. did not sit.