DEWEY ET AL. v. JOHNSON.

## James Dewey et al. v. Hugh Johnson.

*Costs: Construction of Statute.* So much of the act of 1867 (p. 83) as relates to costs in appeal cases, held to be construed as follows:

1. In suits upon contract when the appellant omits to defend before the justice, the appellee will be entitled to costs in the Circuit Court, unless such court is satisfied that the judgment before the justice was at least fifteen dollars more than it ought to have been, and in case said court is so satisfied the appellant will be entitled to costs.

2. In suits upon contract where the appellant defended before the justice, the appellee will be entitled to costs in the Circuit Court, unless the judgment in the latter court is at least ten dollars more favorable to the appellant than the judgment before the justice; and in case the judgment in the Circuit Court is more favorable to the appellant than the judgment before the justice, by ten dollars or more, the appellant will be entitled to costs.

3. In all other appeal cases than those specified, the appellee, if he recover at all, will be entitled to costs, unless the appellant succeed in reducing the recovery which he suffered in the court below; and if he succeed in producing such reduction, the Circuit Court, in its discretion, may award costs as it deems proper in view of such reduction.

4. In all appeal cases brought into the Circuit Court after the taking effect of the act, and where a party would be entitled to costs under the foregoing regulations, in consequence of having presented by the pleading a different issue in the Circuit Court from that presented in the court below, costs must be denied to him, and given to his adversary.

*Heard April 18th. Decided April 21st.*

Case made after judgment from Wayne Circuit.

This was an action of assumpsit brought before a justice of the peace, and appealed to the Circuit Court. The judgment against the defendant was reduced more than ten dollars. Plaintiff asked for costs, and which were granted.

The case involves a construction of the law of 1867, giving costs to parties in certain cases.

*Ward & Palmer*, for plaintiff.

*C. Hunt*, for defendant.

GRAVES J.

The plaintiffs brought assumpsit before a justice of the peace against the defendant for work, labor and materials, and filed specifications of their claim which amounted to

$111. The defendant pleaded the general issue and gave notice of recoupment. The cause was tried before the justice in July, 1867, the defendant appearing and making defence. The justice rendered judgment in favor of the plaintiffs for $102.02, besides costs. The defendant thereupon carried the cause by appeal to the Circuit Court where it was tried before a jury, who returned a verdict for the plaintiffs of $60. On the delivery of the verdict the defendant's counsel moved the court to allow to the defendant his costs of suit, and also to award costs in the case as in the discretion of the court might seem just. The court decided that under the act approved March 15th, 1867, the plaintiffs, who were appellees, were absolutely entitled to full costs and thereupon awarded judgment upon the verdict with full costs to the plaintiffs, including an attorney fee of $30. There is no controversy in the case, except as to the decision of the court below upon this question of costs.

The defendant claims first, that the act before mentioned is invalid; but if not, then second, that the defendant was entitled under it to recover his costs agreeably to his motion.

The first point has been settled adversely to the view of defendant's counsel.— *Inkster v. Carver & Carver*, 16 *Mich.* 484.

Holding as we do that the statute is valid, the second point makes it necessary to enquire whether the case presented falls within it, and if so, to ascertain the consequence.

The observations made in the case of *Inkster v. Carver & Carver*, suffice to show that the words "prevailing party" in the statute are not so inflexible as to compel the court to give full costs in every case to the party recovering any amount however trifling. In an appealed case, such as the present, the position there taken finds some support in the language of the proviso.

Although this proviso is very confused and ambiguous, it sufficiently shows the purpose of the legislature to have been to make specific regulations touching the right to costs in certain appeal cases, and to submit to the discretion of the court certain questions as to costs in all other appeal cases.

It is not to be disguised that the statute is so obscure in some of its parts as to be nearly beyond the pale of sensible interpretation.

But this circumstance, while it increases the difficulty, by no means lessens the necessity for making the attempt.

It is conceived that the intent of the provisions relating to appeal cases may be expressed by the following propositions:

1. That in suits upon contract, when the appellant omits to defend before the justice, the appellee will be entitled to costs in the Circuit Court, unless such court is satisfied that the judgment before the justice was at least $15 more than it ought to have been; and in case said court is so satisfied, the appellant will be entitled to costs.

2. That in suits upon contract, when the appellant defended before the justice, the appellee will be entitled to costs in the Circuit Court, unless the judgment in the latter court is at least $10 more favorable to the appellant than the judgment before the justice; and in case the judgment in the Circuit Court is more favorable to the appellant than the judgment before the justice by $10 or more, the appellant will be entitled to costs.

3. That in all other appeal cases than those specified, the appellee, if he recover at all, will be entitled to costs, unless the appellant succeed in reducing the recovery which he suffered in the court below; and if he succeed in producing such reduction, the Circuit Court in its discretion may award costs as it deems proper in view of such reduction.

4. That in all appeal cases brought into the Circuit Court after the taking effect of the act, and where a party

would be entitled to costs under the foregoing regulations, in consequence of having presented by the pleading a different issue in the Circuit Court from that presented in the court below, costs must be denied to him and given to his adversary.

If this exposition of the statute is correct it follows that the case before the court belonged to the second head, and that the appellant, who is the defendant, was entitled to costs in the court below as matter of right.

The judgment of the Circuit Court must be reversed, and judgment must be entered in this court in favor of the plaintiffs for sixty dollars damages, and in favor of the defendant for his costs in the court below and in this court.

COOLEY CH. J. and CAMPBELL J. concurred.

CHRISTIANCY J. did not sit.