## Squire C. Merrill v. Stephen W. Butler.

*Declaration: Jurisdiction.* The jurisdiction of the Circuit Court depends upon the amount claimed in the declaration. — *16 Mich. 484; 3 Id. 466.*

*Replevin: Assessment of value.* In replevin, when the property has been delivered to the plaintiff, and he recovers a verdict, there is no authority given by the statute either to the court or the jury to assess the value of the property so replevied.

*Replevin: Costs.* Under the Statute, *Comp. Laws,* § *5597,* the plaintiff is entitled to costs, without reference to the value of the property, whenever he recovers judgment upon verdict in an action of replevin.

*Heard April 22. Decided April 27.*

Error to Wayne Circuit.

This was an action of replevin. The property was delivered by the sheriff to the plaintiff below. The jury rendered a verdict for plaintiff for $10.00; but there was no assessment of the value of the property, either by the court or jury. Judgment was thereupon entered for plaintiff, with costs.

*Fred. A. Baker,* for plaintiff in error.

1. Justices of the Peace have exclusive jurisdiction in all actions of replevin where neither the value of the property nor the damages for taking and detaining it, exceed the sum of one hundred dollars. — *Const. Art. VI, § 18; Comp. Laws, § 3695.*

The jurisdiction of a court must be determined from the record; and where it depends on amount, by the sum claimed in the writ or declaration. But where the plaintiff claims in his writ or declaration an amount sufficient to give the Circuit Court jurisdiction, and only recovers a sum within the exclusive jurisdiction of a justice, costs will be given to the defendant. — *Strong v. Daniels, 3 Mich. 466; Inkster v. Carver, 16 Id. 484; Comp. Laws, § 5597, subdiv. 4.*

It will be observed that by the statute the plaintiff is entitled to costs in all actions of replevin in which he recovers judgment. But the principles of construction, adopted in actions brought for the recovery of any debt or damages, are, by parity of reason, equally as applicable to the action of replevin; for the value of the property replevied is synonymous with damages, at least for the purpose of determining a question of costs. — *Small v. Bixley, 18 Wend. 514.*

But who shall determine the question of value — the court or the jury?

There is no provision of the statute expressly authorizing the jury to assess and find the value of the property,

MERRILL *v.* BUTLER.

even in cases where it is not seized and delivered to the plaintiff. The practice in this respect is based upon section 30, chap. 152, pp. 1335 of the compiled laws, which implies by the words " as the same shall have been assessed," that the value of the property should always be determined by the jury. See also section 34 of the same chapter. But, perhaps, the correct theory is to have the court determine the value where it only affects the question of costs, as is necessarily the case where the property is replevied, and the plaintiff recovers judgment.— *Comp. Laws,* § *5636, p. 1468; Davis v. Freeman, 10 Mich. 188.*

The decision of the Circuit Judge, awarding costs to the plaintiff, was conclusive evidence to the taxing officer, but this court possesses the power to review upon a bill of exceptions the grounds upon which the decision was made. — *Barney v. Keith, 6 Wend. 555; Commonwealth v. Merrill, 14 Gray, 418; Chase v. Breed, 5 Id. 443.*

*Geo. H. Prentiss,* for defendant in error.

1. The amount specified in the declaration as the value of the property, and the damages claimed exceeding $100, the Circuit Court had jurisdiction on the pleadings. — *Inkster v. Carver, 6 Mich. 484; Strong v. Daniels, 3 Id. 406.*

2. The Circuit Court, having jurisdiction in the case on the pleadings, the plaintiff has a right to costs, whatever might be the value of the property.

The statute gives costs in all cases of replevin. — *C. L.* § *5597.*

*a.* It is plain, from the association of this action with other actions in this section, that costs follow the judgment in replevin, independent of the amount of damages or value of the property.

*b.* We respectfully submit that there is no rule of law requiring the plaintiff or allowing the defendant to have the value of the property assessed, where the plaintiff, as

in this case, does not wish it, nor ask for it, and has had the property delivered to him. — *2 C. L. chap. 152; Laws of 1855, p. 325.*

The defendant in certain cases may have the value assessed. — *2 Comp. L. § 5038.*

So may the plaintiff. — *Ibid. 5034.*

3. If it were necessary or proper to have the judge fix the value of the property, and to find it worth more than $100, we submit that there was evidence tending to show such value.

It will be presumed that the Judge properly weighed the evidence.

Error will not be presumed, but must be made to appear affirmatively. — *Cooley's Dig. 1562.*

4. But the defendant below is concluded by the fact that he took no exceptions to the rulings of the judge now complained of. — *Sweetzer v. Mead, 5 Mich. 109.*

CHRISTIANCY J.

This was an action of replevin in the Wayne Circuit. The property was seized upon the writ, and delivered to the plaintiff below. It was appraised by appraisers under the writ at $225, and the declaration alleged it to be of the value of five hundred dollars. On the trial, some testimony was given by which it appeared doubtful whether the value exceeded one hundred dollars. The counsel for the defendant below, requested the court to instruct the jury to assess the value of the property, though they might find a verdict for the plaintiff. This the court declined to do. A verdict was found for the plaintiff, and judgment rendered against the defendant for damages and costs, the court also refusing to assess the value of the property.

Plaintiff in error insists that either the court or the jury should have assessed the value of the property, and if found to be less than one hundred dollars (the limit

of a justice's jurisdiction in replevin,) costs should have been awarded to the defendant below, instead of the plaintiff.

It is not denied that the jurisdiction of the Circuit Court depended on the amount claimed in the declaration. — *Inkster v. Carver, 16 Mich. 484; Strong v. Daniels, 3 Id. 466.*

The statute very clearly gives no authority, either to the court or jury, to assess the value of the property in a case where the property has been delivered to the plaintiff, and he recovers a verdict for it. And the fourth subdivision of section 5597 *Compiled Laws,* gives costs to the plaintiff in all actions of replevin, when he recovers a judgment upon verdict, without reference to the value of the property. We see no remedy for the defendant against such costs, without further legislation.

The judgment must be affirmed, with costs.

The other Justices concurred.