## JAMES B. BALDY, et. al., vs. GEORGE P. SMITH.

To entitle a plaintiff to costs in the Circuit Court, it must appear that the action was not cognizable before a Justice of the Peace, or that his claim as established at the trial. exceeded $200, unless reduced by set-off.

G. W. Lawton, for Plaintiff.
L. A. Tabor, for Defendant.

The facts in this case sufficiently appear in the opinion.

By the Court, BROWN, J.—In this case the Plaintiff brought suit in the Circuit Court, in assumpsit; his claim, with interest, amounting to $148. Pending the suit, the defendant made a payment to the plaintiff, so that at the time the cause was heard, the amount due the plaintiff was but $92,94, for which judgment was rendered.

The only question presented is, is the plaintiff entitled to costs?

"There shall be allowed to the prevailing party costs, &c., Sess L. 1867, p. 84.

The words, "prevailing party," are to be understood, as referring to those parties entitled to costs, under the unrepealed law. 16 Mich. 484.

"In all actions for the recovery of any debt, or damages, or for the recovery of penalties or forfeitures, in the cases, where such actions are not cognizable before a justice of the Peace, the plaintiff shall recover costs.

The plaintiff, in all actions where he shall recover any sum, if it appears that his claim, as established at the trial, exceeded two hundred dollars, and was reduced by set off, shall recover costs. C L., 1461, Sec. 3, subdivisions 4 and 5.

In the case at bar, the plaintiff does not bring himself within either of the provisions of the above statute. First, the action was cognizable before a justice of the peace. Second, plaintiff's demand did not reach $200, but only $127, and interest, amounting in all, to about $148.