## Case No. 12,562.

### SCRIPPS v. CAMPBELL et al.

[22 Int. Rev. Rec. 250; 1 Mich. Lawy. 10; 3 Cent. Law J. 521.] [1]

District Court, E. D. Michigan. 1876.

REMOVAL OF CAUSES—COSTS—HOW DETERMINED.

1. In suits commenced in the state court and removed to this court the right to costs is not determined by Rev. St. § 968, but by the statute of the state.

2. Where plaintiff, in an action of trespass on the case commenced in a state court and removed here, recovered less than one hundred dollars, defendant is entitled to costs under Comp. Laws, § 7390, as matter of right.

[Cited in Trinidad Asphalt Paving Co. v. Robinson, 52 Fed. 348.]

Plaintiff [William A. Scripps] brought an action of trespass on the case in the superior court of Detroit to recover damages for being unlawfully put off a steamboat belonging to the defendants [George Campbell and others], upon which he had taken passage from Detroit to Duluth. Defendants, who were aliens, having removed the cause to this court, a trial was had and a verdict rendered in favor of the plaintiff for thirty dollars. Both parties now move for costs.

H. M. Cheever, for plaintiff.
F. H. Canfield, for defendants.

BROWN, District Judge. Section 968 of the Revised Statutes provides that "when in a circuit court a plaintiff in an action at law originally brought there, recovers less than the sum or value of five hundred dollars, exclusive of costs, in a case which cannot be brought there unless the amount in dispute, exclusive of costs, exceeds said sum or value, he shall not be allowed, but, at the discretion of the court, may be adjudged to pay costs." I am satisfied this provision has no application to ordinary cases commenced in the state court and removed to this court. It was so held by Mr. Justice Story in the case of Ellis v. Jarvis [Case No. 4,403]; and I am satisfied that such is the correct reading of the section. In the case of Coggill v. Lawrence [Id. 2,957] there are some expressions which indicate that a different view of the law was taken by the circuit court of southern New York. This was an action commenced in a state court against a collector to recover back an excess of duties paid on the importation of foreign merchandise, and the plaintiff obtained a verdict for $9.50. It was held that the case was not governed by the state law, for two reasons: First, because costs were not given by the act authorizing the removal of the cause, nor were they given upon a verdict of like amount by

---
[1] [3 Cent. Law J. 521, contains only a partial report.]

any other act; second, because it must have been the purpose of congress to place all actions against revenue officers, for acts done in relation to the collection of imposts and duties, upon the footing of causes originally commenced in the circuit. The decision might have been placed on the latter ground, although the court seems to have proceeded upon the theory that as the act of congress respecting removals provides that cases removed shall thereafter be proceeded in as a case originally commenced in that court, the act of congress and not the state law must control in determining the right to costs. I am satisfied, however, this construction cannot be maintained, and the case is apparently overruled by that of Field v. Schell [Id. 4,771] in the same district, where Mr. Justice Nelson, in delivering the opinion in a suit brought in a state court to recover back an excess of duties and removed to the circuit court, held, that although the amount recovered was under five hundred dollars, the plaintiff was entitled to costs, for the reason that the defendant recovered an amount sufficient to entitle him to costs in the state court. In his opinion, he observes, that the clerk was doubtless controlled by the case of Coggill v. Lawrence, "and it must be admitted that some expressions in the opinion would lead to a denial of costs in the present case. But in that case the plaintiff would not have been entitled to costs in the state court, if the suit had not been removed, which distinguishes it from this one." The case of Wolf v. Connecticut Mut. Life Ins. Co. [Case No. 17,924], decided by the late Judge Longyear, merely held, that where plaintiff discontinued in this court a suit originally commenced in the state court, defendant was entitled to costs accrued in the state court before removal, and has no application to this case.

The right to costs being governed by the state law. I am satisfied that under section 7390 the defendant is entitled to them as matter of right. This provides that "in all actions in which the plaintiff would be entitled to costs upon a judgment rendered in his favor, if plaintiff recover judgment, but not enough to entitle him to costs, the defendant shall have judgment and recover against such plaintiff his full costs, which shall have the like effect as all other judgments."

Plaintiff claims his right to costs under subdivision 4, § 7387, which provides, that "in all actions of replevin, and in all actions for the recovery of any debt or damages, or for the recovery of penalties or forfeitures, in all cases where the court has exclusive or concurrent jurisdiction," the plaintiff shall be entitled to costs. Section 9249 provides that "every justice of the peace shall have original jurisdiction of all civil actions wherein the debt or damages do not exceed the sum of one hundred dollars, and con-current jurisdiction in all civil actions upon contract where the debt or damages do not exceed the sum of three hundred dollars." The argument is that as the damages claimed in the declaration in this case exceeded the sum of three hundred dollars, the superior court had exclusive jurisdiction, and therefore, under the subdivision above cited, plaintiff is entitled to recover costs. It is freely conceded that the jurisdiction of the court is determined by the sum claimed in the declaration. At the same time, it is equally well settled that where plaintiff claims an amount sufficient to give the superior court jurisdiction, and recovers a sum within the exclusive jurisdiction of a justice, costs will be given to the defendant. Both these questions were determined in Strong v. Daniels, 3. Mich. 466. It is true the statute has been in some particulars changed since that decision was rendered, but I see nothing which would affect the right to costs in this case. Subdivision 4 standing alone would seem to entitle the plaintiff to costs, as the superior court had exclusive jurisdiction of the case, the damages being over three hundred dollars. But taken in connection with subdivision 5 of the same section it evidently appears that such was not the intention of the legislature. That section provides that "in all cases where the plaintiff shall recover less than one hundred dollars, if it appear that his claim, as established at the trial, exceeded one hundred dollars and the same was reduced by set off," he shall still be entitled to costs. So in actions of trespass, where the court shall certify if the jury shall find that the trespass was wilful and malicious, he may still be entitled to costs. As observed by the supreme court, in the case of Strong v. Daniels, "to give subdivision 4 the construction contended for by the plaintiff, and one which its literal import unconnected with other provisions would demand, would render of no force or effect the other provisions cited." This decision was subsequently approved in the case of Inkster v. Carver, 16 Mich. 484, in which the court held that the law of '67 was not to be understood as changing the pre-existing law in regard to the party entitled to recover costs in suits commenced in the circuit court, but as regulating the amount of costs recoverable in the cases specified. The act of 1871 made no material change in the Revised Statutes of 1846 in regard to the party entitled to costs. In the 4th subdivision, instead of the words "in cases where such actions are not cognizable before a justice of the peace," the amended act uses the words "in all cases where the court has exclusive or concurrent jurisdiction." I do not perceive that this difference in phraseology is material in this case. The case of Merrill v. Butler, 18 Mich. 294, has no application. This was an action of replevin. The value of the property was not

assessed, and the jury rendered a verdict for ten dollars. The statute giving a successful plaintiff costs in all actions of replevin was held obligatory.

The amount claimed in the declaration being held to be the test of jurisdiction, I consider the case of Strong v. Daniels as decisive of the case at bar. I am informed by the learned judge of the superior court that in a recent action of trespass on the case, where the plaintiff recovered exactly one hundred dollars, he held the defendant entitled to costs as a matter of right. Were this simply a matter of discretion, I should be disposed to refuse costs to either party. Judgment will be in favor of defendants, with costs.