## Charles G. Meyer v. George Wood.

*Costs—False imprisonment.*

Costs not to exceed the amount of damages go to the plaintiff who recovers $50 in the circuit court for false imprisonment. Comp. L., § 7388.

Error to Saginaw. Submitted Jan. 22. Decided Jan. 29.

Trespass on the case. Defendant brings error.

*Wisner & Draper* for plaintiff in error. Costs go to

the defendant when the plaintiff only recovers enough to give a justice jurisdiction, though he claimed a greater amount, *King v. M. S. & N. I. R. R. Co.*, 16 Mich., 132; *Inkster v. Carver*, 16 Mich., 489; *Ladd v. Duncan*, 23 Mich., 285.

*B. L. Ransford* for defendant in error.

COOLEY, J.   The only question presented by this record is, whether the plaintiff in an action for false imprisonment in the circuit court, in which he recovers fifty dollars damages, is entitled to costs.

The statute provides that if the plaintiff shall recover judgment in certain specified cases he shall recover his costs.   Among these are "all actions for the recovery of any debt or damages, or for the recovery of penalties or forfeitures, in all cases where the court has exclusive or concurrent jurisdiction."   Comp. L., § 7387.   The next section provides that "If the plaintiff in an action for assault and battery, or false imprisonment, or for slanderous words, or for libel, recover less than fifty dollars, such plaintiff shall recover no more costs than damages." Comp. L., § 7388.

The declaration in this case claimed damages to the amount of five thousand dollars.   This sum was within the exclusive jurisdiction of the circuit court.   The recovery, however, was for a sum within the jurisdiction of a justice of the peace; and in *Strong v. Daniels*, 3 Mich., 466, this court decided that where a party claimed by his declaration a sum which brought his case within the jurisdiction of the circuit court, but recovered a sum which he could only have sued for in justice's court, costs should be awarded against him.   If that case is applicable to this, the like result must follow here.

The circuit judge was of opinion that the sections of the statute which has been cited rendered the decision inapplicable; and we agree with him.   As has been stated, the sum claimed in the declaration brought the

case within the exclusive jurisdiction of the circuit court; and it is only when the verdict is returned that it appears the plaintiff might have had adequate redress in justice's court. But in our opinion the statute has made all the exceptional regulation it was intended should exist in respect to costs in the actions enumerated in section 7388 when it has provided that if the plaintiff shall recover less than fifty dollars, he shall have no more costs than damages. Nothing could be more absurd than a regulation that if the plaintiff recovered less than fifty dollars damages he should recover an equal amount of costs, while if he recovered more than fifty, but not more than one hundred dollars, costs should be awarded against him; it would work at least a partial defeat of the legislative intent, which manifestly was that the expense of the litigation should fall upon the plaintiff in proportion to the smallness of his recovery.

We think the implications from the statute are conclusive that the intention was to give plaintiffs in such actions their costs in all cases where they recovered damages, but to limit the costs to the amount of damages where the latter fell below fifty dollars. With this view we affirm the judgment with costs.

The other Justices concurred.