BERNDT *v.* IONIA CIRCUIT JUDGE.

REPLEVIN—COSTS IN CIRCUIT COURT—WHEN AWARDED DEFEND-ANT.

Under 2 How. Stat. § 8964, subd. 4, providing that a prevailing plaintiff shall recover his costs "in all actions of replevin, * * * in all cases where the court has exclusive or concurrent jurisdiction," and section 8967, providing that the defendant shall have judgment for costs in cases where the plaintiff's judgment is insufficient to entitle him to costs, the defendant in an action of replevin instituted in the circuit court is entitled to his costs where the value of the property recovered by the plaintiff is less than $100.

*Mandamus* by William Berndt and another to compel Frank D. M. Davis, circuit judge of Ionia county, to set aside a judgment for costs. Submitted November 24, 1896. Denied December 24, 1896.

*Vernon H. Smith*, for relators.

*Royal A. Hawley*, for respondent.

LONG, C. J. An action of replevin was commenced by the relators in the Ionia circuit to recover possession of certain property described in the affidavit and writ as:

"About 500 bushels of ears of corn in crib; about 50 bushels of ears of corn in field; about 8 acres of corn in shock, not husked, including the corn stalks; about 9 acres of corn stalks; 125 bushels of potatoes; 1½ tons of

hay; 12 hogs; 1 fanning mill; 1 pair bob sleighs; 1 four-tined pitchfork; and one three-tined pitchfork."

The property was taken under the writ, and appraised at $241.60. The cause was tried before a jury, who found that the plaintiffs were entitled to recover the fanning mill and the bob sleighs, the appraised value of which amounted to $22 only. The jury also found that the plaintiffs were not entitled to recover the balance of the property. The court below, under the findings of the jury, gave judgment in favor of the defendant for costs. *Mandamus* is asked to set aside that judgment, and to enter judgment in favor of the plaintiffs.

We think the court below was correct. 2 How. Stat. § 8964, provides:

"In the following cases, if the plaintiff recover judgment by default, upon confession, verdict, demurrer, or otherwise, in any action or proceeding at law, he shall recover his costs:  *  *  *  *Fourth.* In all actions of replevin, and in all actions for the recovery of any debt or damages, or for the recovery of penalties or forfeitures, in all cases where the court has exclusive or concurrent jurisdiction."

Section 8967, 2 How. Stat., provides:

"In all actions and proceedings in which the plaintiff would be entitled to costs upon a judgment rendered in his favor, if, after the appearance of the defendant, such plaintiff be non-suited, discontinue his suit, be non-prossed, or judgment pass against him on verdict, demurrer, or otherwise, or in case a plaintiff recover judgment, but not enough to entitle him to costs, the defendant shall have judgment to recover against such plaintiff his full costs, which shall have the like effect as all other judgments."

It has been several times held in this court, under subdivision 4 of section 8964 above quoted, that if the amount of the plaintiff's claim is less than $100, as established upon the trial, defendant is entitled to costs. *Strong* v. *Daniels*, 3 Mich. 466; *Inkster* v. *Carver*, 16 Mich. 484; *Dikeman* v. *Harrison*, 38 Mich. 617; *Stortz* v. *Ingham*

*Circuit Judge*, Id. 243.    Counsel for relators, however, relies upon *Merrill* v. *Butler*, 18 Mich. 294.    That decision was based upon subdivision 4 as it stood prior to the amendment of 1871, and read: "In all actions for the recovery of any debt or damages, or for the recovery of penalties or forfeitures, in cases where such actions are not cognizable before a justice of the peace, and in all actions of replevin." The amendment of 1871 (Act No. 122, Laws 1871) was undoubtedly passed in view of the decision in *Merrill* v. *Butler*, and for the purpose of granting to defendants in actions of replevin the costs where the plaintiffs failed to recover more than $100, as in such cases justices of the peace have exclusive jurisdiction.

Some question is raised by counsel for relators that there was nothing upon the record showing the value of the property.    The appraised value was shown upon the record, and the respondent returns that, at the time of entry of judgment for costs in favor of defendant, it was conceded by counsel for relators that the value of the property recovered amounted to only $22.    Since the passage of the amendment, it has been twice held that where the plaintiff recovered in replevin less than $100, the cause being commenced in the circuit court, the defendant was entitled to costs.    *Kittridge* v. *Miller*, 45 Mich. 478; *Kirby Carpenter Co.* v. *Trombley*, 101 Mich. 447.

The writ must be denied.

The other Justices concurred.