REED *v.* OVERLIE.

COSTS—DAMAGES—DOUBLE DAMAGES—JUDGMENT.

Plaintiff brought suit against defendant for damages to his sheep caused by defendant's dogs and the amount of damage found by the court to have resulted to plaintiff's property was $75, which was doubled, under 2 Comp. Laws 1915, § 7270, and judgment was entered for $150 and $5 costs. *Held,* that the judgment, exceeding $100, entitled plaintiff to his costs pursuant to 3 Comp. Laws 1915, § 13691.

Case-made from Kent; Perkins, J.   Submitted June 14, 1916.   (Docket No. 101.)   Decided July 21, 1916.

Case by Leonard Reed against Nick Overlie for damages to plaintiff's sheep caused by defendant's dogs. Judgment for plaintiff.  Defendant appeals.  Affirmed.

*Ellis & Ellis,* for appellant.

*C. G. Turner,* for appellee.

KUHN, J.   This action is brought by the plaintiff against the defendant to recover damages to his sheep caused by the dogs of the defendant.  The suit was brought in the circuit court, and the damages were alleged in the declaration in the sum of $500.  The case was tried before the court without a jury, and the trial-judge found the damages to be $75, and by virtue of the statute (2 How. Stat. [2d Ed.] § 4362 [2 Comp. Laws 1915, § 7270]), doubled the damages and gave judgment for the plaintiff in the sum of $150 and $5 costs provided for in the statute.  It is the claim of the defendant, and it is the sole question involved in this appeal, that, because the damages proven amounted to less than $100, he (the defendant) was entitled to his costs, which the court below refused to give.

Subdivision 4, § 14392, 5 How. Stat. (2d Ed.) (3 Comp. Laws 1915, § 13688) provides:

"In the following cases, if the plaintiff recover judgment by default, upon confession, verdict, demurrer, or otherwise, in any action or proceeding at law, he shall recover his costs:   *   *   *   *Fourth.*  In all actions of replevin, and in all actions for the recovery of *   *   *   penalties or forfeitures, in all cases where the court has exclusive or concurrent jurisdiction."

It has been held that, when the plaintiff recovered in the circuit court in an amount for which he should have sued in the justice's court, costs should be award-

'ed against him. *Strong* v. *Daniels,* 3 Mich. 466; *Inkster* v. *Carver,* 16 Mich. 484; *Meyer* v. *Wood,* 38 Mich. 297; *Stortz* v. *Ingham Circuit Judge,* 38 Mich. 243; *Dikeman* v. *Harrison,* 38 Mich. 617; *Berndt* v. *Ionia Circuit Judge,* 111 Mich. 359 (69 N. W. 661).

Section 14395, 5 How. Stat. (2d Ed.), 3 Comp. Laws 1915, § 13691, provides in part as follows:

"In all actions and proceedings in which the plaintiff would be entitled to costs, upon judgment rendered in his favor, if, after the appearance of the defendant such plaintiff be nonsuited, * * * or in case a plaintiff recover judgment, but not enough to entitle him to costs, the defendant shall have judgment to recover against such plaintiff his full costs, which shall have the like effect as all other judgments."

The portion of the statute (section 4362, 2 How. Stat. [2d Ed.] [2 Comp. Laws 1915, § 7270]), under which this action is brought which is material here provides:

"If it shall appear to the satisfaction of the court by the evidence that the defendant is justly liable for the damages complained of, under the provisions of this act, the court shall render judgment against such defendant for double the amount of damages proved," etc.

An examination of the above-cited authorities shows that the question of costs has been determined by the amount of the judgment rendered, and it seems to us to be immaterial whether the judgment as rendered is for damages or in part for the penalty provided for in the statute, as long as the judgment is in excess of $100.

The judgment is affirmed.

STONE, C. J., and OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.